| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>Steven Mark Rosenberg, Debtor<br>P.O. Box 90694<br>Los Angeles, CA<br>90009<br><br>☒ *Individual appearing without counsel*<br>☐ *Attorney for:* | FOR COURT USE ONLY<br><br>FILED<br>MAR - 3 2009<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ Deputy |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>Steven Mark Rosenberg, Debtor<br>and David K. Gottlieb, Chapter 7 Trustee<br><br><br><br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 1:08-19879_MT<br>DATE: 03/19/2008<br>TIME: 9:30 AM<br>CTRM: 302<br>FLOOR: 3 |

## RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 AND DECLARATION(S) IN SUPPORT

(MOVANT: IndyMac Federal Bank,FSB, its assignees and/or successos)

(RESPONDENT: ☒ Debtor   ☐ Trustee   ☐ Other: _____ )

***GENERAL NOTE:*** *A request for additional time is **not** usually an adequate response in opposition to the Motion. This Response and supporting declaration(s) and other admissible evidence must be filed with the Court and served pursuant to the Local Bankruptcy Rules.*

1. ☐ **NON-OPPOSITION:** Notice is hereby given that the Respondent does not oppose the granting of the Motion.

   ***NOTE:*** *If you do not oppose the Motion, there is no need to appear at the hearing scheduled in the Motion.*

2. ☐ **LIMITED OPPOSITION – APPEARANCE REQUIRED:** Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession shall take place before *(specify date)*:

   The reason for this request is *(specify)*:

*(Continued on next page)*

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 4001-1M.RES
American LegalNet, Inc.
www.FormsWorkflow.com

Response to Motion for Relief from Stay - *Page 2 of* _____    **F 4001-1M.RES**

| In re | | CHAPTER: |
|---|---|---|
| | (SHORT TITLE) | |
| | Debtor(s). | CASE NO.: |

3. ☒ **OPPOSITION – APPEARANCE REQUIRED:** Notice is hereby given that the Respondent opposes the granting of the Motion for the reasons set forth below.

   a. Respondent disputes the allegations/evidence contained in the Motion. As shown in the Declaration(s) filed with this Response:

   ☐ The value of the Property is $ _____, based upon *(specify)*:


   ☐ Total amount of debt (loans) on the Property is $ <u>disputed</u>

   ☒ More payments have been made to Movant than the Motion has accounted for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit __.

   ☐ The Property is necessary for an effective reorganization. Respondent has filed or intends to file a plan requiring the Property. A true and correct copy of the Plan is attached as Exhibit _____.

   ☐ The Property is insured. A true and correct copy of the policy currently in effect is attached as Exhibit _____.

   ☐ The Movant's description of the status of the unlawful detainer proceeding is not accurate. See attached Declaration for Respondent's evidence.

   ☐ Respondent denies that this bankruptcy was filed in bad faith or improperly. See attached Declaration containing Respondent's evidence.

   ☐ Debtor would be prejudiced if the lawsuit or administrative proceeding is allowed to continue outside the bankruptcy court. See attached Declaration regarding Respondent's contentions.

   ☐ Service of the Motion:    ☐ Not all parties were served    ☐ Insufficient notice of the hearing

   ☐ Incorrect address used for *(specify)* _____

   ☒ Other *(specify)*: This Motion as decided in case in LA08-17036SB, by Judge Hon Samuel L Bufford, should be denied 1) on basis of including undisclosed parties, i.e; Moveant also including: its assinees and or successor. 2) Defect in lack of admissible evidence: Declaration of Vice President _____, undated and place of signing blank. Also lacks Capacity of signer as required by:

   b. Respondent asserts:

   ☐ Case has been converted from Chapter _____ to Chapter _____.
   ☐ All postpetition arrears will be cured by the hearing date.
   ☒ The Debtor has equity in the Property in the amount of $<u>TBD</u>.
   ☐ Movant has an equity cushion of $ _____ which is sufficient to provide adequate protection.
   ☐ The Property is necessary for an effective reorganization because *(specify reasons why)*:

---

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 4001-1M.RES**

American LegalNet, Inc.
www.FormsWorkflow.com

☒ The Motion should be der.   because *(specify)*:

The defects in this Motion are exactly the same as in: Los Angeles Central Bankruptcy District, case # LA08-17036SB, by Judge Hon Samuel L Bufford, and as such must be denied, i.e.; 1) on basis of undisclosed parties indicated in Caption Box, i.e; Moveant also including:" its assinees and or successor". 2) Defect in lack of admissible evidence: Declaration of Vice President        , undated and place of signing blank. Also lacks Capacity of signer as required by:

---

Ampro Mortgage, the original beneciary, had their authority to conduct business in California revoked by the Department of Corporations, at time before this loan was made.
Under an adeversial pleading to be filed, also the allegation will be proved that the signature on the Trust Deed in question is a forgery.

These issues will be presented under a separate Adversarial Pleading, that will present the Evidence following Proper Federal Rules of Evidence Procedures.
The adeversial compliant at that time, will pray for damages for fraud, abuse of process, quiet title.

Reference is made to the following current Federal Civil Suits:

Methalee Geoger V. Indy Mac  2:08-cv-02732-RCT
Geneva M Spicer v Indy Mac 2:07-cv-03456-AHS

Both of above cases of similar fact sets as in this present Lender Loan Abuse of process.
*(Continued on next page)*

---

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 4001-1M.RES

American LegalNet, Inc.
www.FormsWorkflow.com

Response to Motion for Relief from Stay - Page 3 of _____    **F 4001-1M.RES**

| In re<br>Steven Mark Rosenberg | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 1:08-19879 |

4. **EVIDENCE IN SUPPORT OF RESPONSE AND SUPPORTING PAPERS:**

> **NOTE RE SUPPORTING PAPERS:** Declarations in opposition to the Motion **MUST** be attached hereto. Any individual signing a declaration must have personal knowledge of the facts stated in it and should attach any supporting documents, if possible. You may attach a Memorandum of Points and Authorities if you desire, but it is not required.

> **NOTE RE SERVICE OF RESPONSE AND SUPPORTING PAPERS:** Pursuant to the Local Bankruptcy Rules, you must file with the Bankruptcy Court Clerk this completed Response along with supporting declaration(s) signed under penalty of perjury, AND also serve a copy of the Response and declaration(s) on the Movant's attorney (or Movant, if no attorney), the Bankruptcy Trustee, the United States Trustee, and all other parties to the Motion.

Pursuant to the Local Bankruptcy Rules, attached hereto are the following papers in support of this Response:

☒ Declaration by Debtor  ☐ Declaration by Debtor's Attorney
☐ Declaration by Trustee  ☐ Declaration by Trustee's Attorney
☐ Declaration by Appraiser  ☐ Memorandum of Points and Authorities (optional)
☒ Other (specify): Exhibit - MERS RELIEF FROM STAY MOTION: FINDINGS OF FACT AND CONCLUSION OF LAW, re: Raymond Vargas, Debtor, filed in Los Angeles Central District Bankruptcy Court on

Dated: 03/03/09

Respectfully submitted,

Steven Mark Rosenberg
Respondent's Name

_____
Law Firm Name (if applicable)

By: _Steven Mark Rosenberg_
    Signature

Name: _____
      Attorney for Respondent or Pro Se Respondent

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 4001-1M.RES**

American LegalNet, Inc.
www.FormsWorkflow.com

Response to Motion for Relief from Stay - Page 4 of _____    F 4001-1M.RES

| In re                          (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Steven Mark Rosenberg                        Debtor(s). | CASE NO.: 1:08-19879-MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3265 Drew Street
Los Angeles, CA 90065

A true and correct copy of the foregoing document described as Response to Motion For Relief from Automatic Stay _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On March 03, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See next page

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/03/09 | Lorenzo Jaramillo | Lorenzo Jaramillo |
|---|---|---|
| Date | Type Name | Signature |

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                        F 4001-1M.RES

American LegalNet, Inc.
www.FormsWorkflow.com

# Exhibit "1"

Response to Motion for Relief from Stay - Page 5 of ____   F 4001-1M.RES

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Steven Mark Rosenberg | Debtor(s). | CASE NO.: 1:08-19879-MT |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Trustee
David K Gottlieb
15233 Ventura Blvd
9th Fl
Sherman Oaks, CA
91403

Counsel for Movant (overnite mail)
McCarthy & Holthus
1770 Fourth Avenue
San Diego, CA 92101

Honorable Maureen Tighe
US Bankruptcy Court
21041 Burbank Blvd
Suite 325
Woodland Hills, CA 91367

Office of the US Trustee
21051 Warner Center Lane
Suite 115
Woodland Hills CA 91367

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009                                                                                                                    F 4001-1M.RES
American LegalNet, Inc.
www.FormsWorkflow.com

United States Bankruptcy Court
Central District of California

**DECLARTION IN SUPPORT OF OPPOSITION TO RELIEF OF STAY by Movant-
IndyMac Federal Bank, FSB, its assignees and/or successor
Case No: 1:08-19879**

I hereby declare as follows:

I have personal knowledge of how to access Federal Bankuptcy Cases by using the Pacer system. I have a current active PACER individual account in my name, Steven Mark Rosenberg.

In my conducting research to locate support cases in the present instance, I located the following: Case No. LA08-17036SB. Raymond Vargas, Debtor/ MERS and its assignees and successors as the Movant, filed October 21, 2009.

The Exhibit attached to this Opposition pleading is a true copy of what is Found on the PACER site.

I also have personal knowledge as to amounts that have been paid to Indy Mac Federal Bank, FSB

Signed this day, March 02, 2009, at Los Angeles, CA 90012

*/s/ Steven Mark Rosenberg*
Steven Mark Rosenberg, Debtor

Declaration of Steven Mark Rosenberg



ENTERED
OCT 22 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re:

**RAYMOND VARGAS,**

Debtor.

Case No.: LA08-17036SB

Chapter 7

**MERS RELIEF FROM STAY MOTION: FINDINGS OF FACT AND CONCLUSION OF LAW**

Date: September 30, 2008
Time: 9:30 a.m.
Ctrm: 1575
Floor: 15th

### I. Introduction

Movant Mortgage Electronic Registration Systems, Inc. ("MERS") supports this relief from stay motion solely with evidence from a low level clerk whose only function is to compare the financial numbers on his evidentiary declaration with those on a computer screen. After trial, the court finds that the clerk is not competent to testify as to anything relevant to the motion, under the applicable evidentiary rules, and that MERS has presented no admissible evidence in support of its motion. In consequence, the court denies the motion. In addition, the court finds that sanctions should be imposed on the law firm under Rule 9011[1] for bringing the motion with no evidentiary support.

In addition, MERS purports to join as moving parties "its assignees and/or successors in interest." The court finds that this is an improper effort to obtain relief from stay for undisclosed parties, and that the motion must be denied also on these grounds.

### II. Relevant Facts

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C.A. §§ 101-1532 (West 2008) and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

1

Debtor Raymond Vargas is an 83-year old retired World War II veteran, whose monthly income consists of approximately $1,004 in social security payments and a union pension of $308. Debtor purchased a new home in 1971, and fully paid the mortgage thereon in approximately 1993. His wife became ill in approximately 2000, and suffered multiple ailments that led to her death in December 2004.

Debtor obtained a reverse mortgage from Wells Fargo Bank in December 2003 for approximately $320,000 to pay for his wife's medical care and expenses. In opposition to the motion, debtor also submitted loan documents for two other loans, in 2004 and in 2005, which appeared to bear his signature but which he did not recall making. He was physically debilitated and wheel-chair bound at the time these loans were purportedly made. None of these loans is at issue in this case.

There purport to be two loans in 2006. One was made on May 12 for $650,000 with Countrywide Bank. The other, which underlies this motion for relief from the automatic stay, was purportedly made with Freedom Home Mortgage ("FHM") on October 3 for $630,000. In addition, there is another October 3 loan for $150,500, also with FHM. Debtor asserts that none of these documents bears his signature and that each signature is invalid and forged.

The documents submitted with this motion include an adjustable rate promissory note, in which FHM is the promisee, in the amount of $630,000 with an initial interest rate of 1.75% per annum. The note is supported by a deed of trust, showing FHM as the lender. The deed of trust shows that MERS is the beneficiary under the deed of trust "acting solely as a nominee for lender and lender's successors and assigns."

No evidence is provided as to any adjustments in the interest rate, whether proper or improper, pursuant to the adjustment clause. Debtor denies having signed either the promissory note or the deed of trust and asserts that the signatures are forged.

The debtor filed this case originally under chapter 13 on May 21, 2008. On July 7, 2008, the case was converted to a case under chapter 7. MERS filed its motion for relief from the automatic stay on July 30, 2008. The movant, as stated in the motion, is "Mortgage Electronic Registrations System, Inc. (MERS), its assignees and/or successors in interest."

The motion includes a declaration by Robert Turner, an employee of Countrywide Home Loans, Inc. ("Countrywide"), "which is a duly authorized servicing agent of the Movant." The declaration states that Turner is a custodian of the books, records and files of "Movant," that he knows that these documents were prepared in the ordinary course of business of "Movant" and that he has a business duty to record accurately the events documented in those records. However, neither the declaration nor the testimony at trial gives any hint as to how Turner has custody of any books, records or files of MERS, or as to any connection between him and MERS.

Turner appeared and testified on September 30, 2008 on this motion. From his testimony the court finds that he is a low level clerk for Countrywide responsible for some 500 loan defaults per week in Southern California. His principal responsibility is to review draft motions for relief from stay, to make sure that the numbers in paragraphs 6[2] and 8[3] of his declaration agree with the numbers that appear on the Countrywide computer screen at his desk. He testified that

---

[2] Paragraph 6 of the form declaration requires that the movant state the following information about the loan at issue: the amount of principal, accrued interest, late charges, costs, advances, and the total claim.

[3] Paragraph 8 requires that the movant state the current interest rate, the contractual maturity date, the amount of the current monthly payments, the number of unpaid prepetition and postpetition payments, the date of postpetition default, the date of the last payment received, the date of recording of a notice of default and a notice of sale, the date of the scheduled foreclosure, and the amounts of future payments coming due (including the late charge, if the payment is not timely).

2

he spends about five minutes on this task for each relief from stay motion. He further testified that, apart from checking these numbers, he gives no consideration to anything else contained in such a declaration, and that he gave no consideration to anything else but the numbers in paragraphs 6 and 8 of the declaration before the court.

## III. Analysis

The motion for relief from stay must be denied on two separate grounds. First, it purports to include unidentified moving parties, who are intended to benefit from the relief from stay order. Second, Turner is altogether incompetent to give any testimony relevant to this motion.

### A. Names of the Parties

MERS purports to join as moving parties "its assignees and/or successors in interest," which are otherwise unidentified. No such unidentified parties are permitted in a motion before the court.

Rule 10(a) of the Federal Rules of Civil Procedure provides in relevant part: "Caption; Names of Parties. Every pleading must have a caption . . . . The title of the complaint must name all of the parties."[4] While there is no comparable rule in the Federal Rules of Bankruptcy Procedure, Local Rule 1002-1(a)(8) fills in this gap by specifying what must be stated on the title (or first) page of all papers filed in this court. Rule 1002-1(a)(8)(D) states: "The names of the parties shall be placed below the title of the court and to the left of center . . . ."

For a relief from stay motion, the movant must use local form 4001-1M.RP. See Local Rule 1002-1(d)(9) ("Motions for relief from stay shall be made using those forms designated for mandatory use in the F 4001-1 series of the court-approved forms.").

---

[4] This provision also prohibits the addition of a "John Doe" defendant (i.e., an unidentified defendant whose name may be provided at a later date).

Like Rule 1002-1(d)(8), the form requires that the name of the movant be stated on the second line below the line stating, "Notice of Motion and Motion for Relief from the Automatic Stay." Thus, each movant in a motion for relief from stay must be named on the first page of the motion.

The identification of the movant serves several important functions. First, it links the motion to the Schedule A list of real property owned by the debtor. Second, this identification links the motion to the Schedule D list of creditors holding secured claims. Third, this identification permits the judge to determine whether the judge must recuse based on the Code of Conduct for United States Judges (requiring recusal in a variety of circumstances based on the judge's relationship, if any, to the moving party).[5]

The exclusion of these unidentified parties is particularly important in this proceeding. It is highly unlikely that FHM has kept the promissory note: most likely, it sold the note into the market for mortgage securitization.[6] In consequence, it is quite unlikely that MERS is an authorized agent of the holder of the note here at issue. By adding these unidentified movants, MERS is trying to obtain relief from the automatic stay for the current note holders without disclosing to the court their existence, identities or the source of MERS's authority to act on their behalf. This is improper.

A secured promissory note traded on the secondary mortgage market remains secured because the mortgage follows the note. CAL. CIV. CODE § 2936 ("The assignment of a debt secured by

---

[5] As of this date, I still do not know whether my recusal may be required in this case.

[6] See, e.g., James R. Barth et al., A Short History of the Subprime Mortgage Market Meltdown 5 fig.2 (Milken Institute 2008), available at http://www.milkeninstitute.org/publications/publications.taf?function=detail&ID=38801038&cat=Papers (showing that approximately 85% of all home mortgages originated in 2006 and 2007 were securitized).

3

principal owing on the loan, the amount of accrued interest, the amount of late charges, any advances such as for property taxes or insurance, and the total amount of the claim. The declarant must further attach a true and correct copy of the promissory note and the deed of trust, and the declarant must be competent to testify as to the authenticity of these documents. The form further requires that the declarant state in paragraph 8 the current rate of interest, the number and amount of unpaid prepetition payments, the number and amount of postpetition payments, the date of the recording of any notice of default or notice of sale, and further information on the foreclosure process. The declaration must also state the fair market value of the property and the basis for this determination. A number of other items relating to the promissory note, the lien and the status of debtor's payments are also required.

FHM apparently relies on Rule 803(6) for the admissibility of this hearsay evidence.[8]

---

[8] Rule 803(6), providing for the admission of records of regularly conducted activity (formerly known as the "business records rule"), states:

> **Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph

"The basic elements for the introduction of business records under the hearsay exception for records of regularly conducted activity all apply to records maintained electronically." *In re Vinhnee*, 336 B.R. 437, 444 (B.A.P. 9th Cir. 2005). *Vinhnee* also states the requirements for qualification as business records: "Such records must be: (1) made at or near the time by, or from information transmitted by, a person with knowledge; (2) made pursuant to a regular practice of the business activity; (3) kept in the course of regularly conducted business activity; and (4) the source, method, or circumstances of preparation must not indicate lack of trustworthiness." *Id.* (citing FED. R. EVID. 803(6); *United States v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988)).

The admission of computer records requires that movant provides an 11-step foundation:

1. The business uses a computer.
2. The computer is reliable.
3. The business has developed a procedure for inserting data into the computer.
4. The procedure has built-in safeguards to ensure accuracy and identify errors.
5. The business keeps the computer in a good state of repair.
6. The witness had the computer readout certain data.
7. The witness used the proper procedures to obtain the readout.
8. The computer was in working order at the time the witness obtained the readout.
9. The witness recognizes the exhibit as the readout.
10. The witness explains how he or she recognizes the readout.
11. If the readout contains strange symbols or terms, the witness explains the meaning of the symbols or terms for the trier of fact.

---

includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

5

*Vinhnee*, 336 B.R. at 446 (citing EDWARD J. IMWINKELRIED, EVIDENTIARY FOUNDATIONS § 4.03[2] (5th ed. 2002)).

Under Ninth Circuit law, the fourth requirement subsumes details regarding the computer policy consisting of (a) control procedures including control of access to the database, (b) control of access to the program, (c) recording and logging of changes, (d) back-up practices, and (e) audit procedures to assure the continuing integrity of the records. *See id.* at 446-47.

Turner did present competent evidence as to items 1 and 6 through 8. The remaining seven requirements, however, were totally unmet, including *Vinhnee's* five-part gloss on the fourth element. The court finds that Turner was unable and failed to present any competent testimony as to these items.

## 2. Documents – Note and Deed of Trust

In addition to the data concerning payment on the loan, movant must provide evidence that the underlying debt is owing to it, and evidence of the security interest (if the obligation is secured).

A party offering an item of non-testimonial evidence, such as a document (not offered to prove the truth of its contents), must prove that the item is what the party claims it is. *See, e.g.*, 31 WRIGHT & GOULD, FEDERAL PRACTICE & PROCEDURE: EVIDENCE ¶ 7101 (2000). Accordingly, authentication is a condition to the admissibility of such evidence. *See id.*

Thus, a person testifying in support of a motion for relief from stay (including a declarant making a declaration under penalty of perjury) must have personal knowledge of the authenticity of the promissory note and deed of trust, or the documents must be admissible under another evidentiary rule.

MERS attached to Turner's declaration a copy of the relevant promissory note and deed of trust. However, MERS declined to move the admission of any of these documents or any other documents attached to the moving papers. Thus, there is no evidence properly before the court as to the promissory note or the deed of trust.

Similarly, MERS declined to move the admission of the declaration itself. Indeed, the court finds that Turner is not competent to testify as to any relevant information underlying the relief from stay motion.

### a. Promissory Note

There are two issues that MERS must address with respect to the promissory note. First, it must authenticate the note. Second, it must show that it is entitled to enforce the note.

### i. Authentication of Note

For admission as evidence, a promissory note does not need to qualify as a record of regularly conducted activity (or for some other exception to the hearsay rule). The note itself is not hearsay, and thus is not subject to the hearsay rule. *See, e.g., Remington Invs., Inc. v. Hamedani*, 55 Cal. App. 4th 1033, 1042 (App. 1997) ("A promissory note document itself is not a business record as that term is used in the law of hearsay, but rather is an operative contractual document admissible merely upon adequate evidence of authenticity.").

A promissory note cannot be admitted into evidence unless it is authenticated.[9] Federal Rule of Evidence 901(a) provides: "The requirement of authentication . . . as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Rule 901(b) illustrates how a document such as a promissory note may be authenticated. Turner gave no testimony as to the authenticity of the note here at issue, and

---

[9] In fact, there is no rule of evidence that explicitly requires that a document be authenticated. However, this unstated requirement underlies the rules on authentication of documents. *See* 31 WRIGHT & GOLD, *supra*, ¶ 7012 (2000).

6

MERS has not presented any evidence on this subject.

Indeed, the debtor vigorously contests the authenticity of the note in this case. Given the lack of evidence on the part of MERS, authentication of the note is altogether missing from its evidence in this case.

## ii. Right to Enforce the Note

In addition to authenticating the note, MERS must show that it is entitled to enforce the note. Only the holder of a negotiable promissory note (with minor exceptions not relevant in this case) is entitled to enforce the note. See CAL. COM. CODE § 3301. The holder enforces the note by making a demand for payment. See id. § 3501(a). The person making a demand shows its right to enforcement by showing the original of the promissory note. See id. § 3501(b)(2).

MERS has not brought to court the note here at issue, and makes no pretense that it holds the note. Indeed, MERS is not in the business of holding promissory notes.[10] Its business is only to hold deeds of trust as an agent for the holder of the note. This status for MERS is disclosed in the deed of trust here at issue, which states that MERS is "acting solely as a nominee [a type of agent] for lender and lender's successors and assigns."

In addition, there is no evidence before the court as to who is the holder of the promissory note and is entitled to enforce it. MERS contends that Countrywide acts as agent for MERS. However, MERS does not purport to be the holder of the promissory note. Under California law, only the holder of a note is entitled to enforce it (with minor exceptions not relevant herein). See CAL. COM. CODE § 3301.

---

[10] MERS, Inc. is an entity whose sole purpose is to act as mortgagee of record for mortgage loans that are registered on the MERS System. This system is a national electronic registry of mortgage loans, itself owned and operated by MERS, Inc.'s parent company, MERSCORP, Inc.

The court finds that MERS has altogether failed to show that it is entitled to enforce the note here at issue in this case.

### b. Deed of Trust

A deed of trust is normally authenticated by showing that it is a public record under Rule 901(b)(7).[11] Extrinsic evidence of authenticity is not required as a condition precedent to admissibility with respect to a certified copy of a public record such as a deed of trust.[12]

---

[11] Rule 901(b) provides in relevant part:

**(b) Illustrations.**

By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

. . . .

(7) *Public records or reports.* Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

[12] Rule 902 provides in relevant part:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

. . . .

(4) **Certified copies of public records.** A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any Act of

7

The deed of trust in this case gives the appearance of being a certified copy of the original recorded deed. However, the purported certification is defective. It states only: "I HEREBY CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL", followed by the signature of Martha J. Urquijo.

A certified copy of a public record must be made "by the custodian or other person authorized to make the certification . . . ." FED. R. EVID. 902(4). In addition, the certification of a domestic document must comply with paragraph (1) (for documents under seal) or (2) (for documents not under seal) of Rule 902. If the document is not under seal (as appears in this case), the signature must be "in the official capacity of an officer or employee" of a governmental entity qualifying under paragraph (1). Finally, the certification must include a certification under seal, made by "a public officer having a seal and having official duties in the district or political subdivision of the [certifying] officer or employee" that the signer "has the official capacity and that the signature is genuine." All of this is missing from the purported certification. Thus, the court must assume that Ms. Urquijo has no authority whatever to certify the deed of trust.

Here, the authenticity of the deed of trust is disputed by the debtor. Presumably in consequence thereof, MERS has declined to move its admission into evidence.[13]

---

Congress or rule prescribed by the Supreme Court pursuant to statutory authority.

[13] The declarant's total lack of competence to testify on this motion raises a serious question as to the good faith of counsel for MERS under Rule 9011. Counsel should have known that Turner was incompetent to testify as to anything relevant to this motion. Thus, counsel should not have filed with the court the declaration in which he stated falsely, under penalty of perjury: "I have personal knowledge of the matters set forth in this declaration and, if called upon to testify [as he was], I could and would competently testify thereto."

### C. Fraudulent Character of Note and Deed of Trust

The debtor contends that the note and deed of trust involved in this motion are fraudulent. The court makes no findings on this issue. Such a determination requires an adversary proceeding which is not before the court. However, the court can deny a motion for relief from stay pending the determination of such an adversary proceeding where the debtor presents serious evidence that the note and deed of trust are fraudulent. On these grounds, also, the court denies the motion.

### D. Other Defects in Motion

There appear to be other defects in the motion, that the court does not address because of lack of appropriate admissible evidence. For example, Freedom Home Mortgage is the payee on the note. There is no evidence before the court as to who is the present holder is entitled to enforce the note. The holder must join in the motion for relief from stay. See In re Hwang, __ B.R. __ (Bankr. C.D. Cal. 2008).

### IV. Conclusion

The court concludes that this motion for relief from stay must be denied on two separate grounds. First, the motion improperly attempts to obtain relief for unidentified parties, in violation of the rule requiring the disclosure of parties appearing before the court. Second, the only evidence supporting the motion is provided by a witness who is incompetent to provide any relevant evidence.

Dated: October 21, 2008

_____
Hon. Samuel L. Bufford
United States Bankruptcy Judge

8